IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **FILED UNDER SEAL** |
| ) | |
| v.   ) | Criminal No. 3:19CR18-HEH |
| ) | |
| EDI DONALDO BARRERA-SALGUERO, ) | |
| a/k/a "Roberto Gomez Bolanos" ) | |
| a/k/a "Reinaldo" ) | |
| a/k/a "Patojo" ) | |
| ) | |
| ) | |
| *Defendant.* ) | |

## STATEMENT OF FACTS

The United States and the defendant, Edi Donaldo Barrera-Salguero ("BARRERA-SALGUERO"), agree that had the case gone to trial the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From on or about February 1, 2014, and continuing through at least in or about 2016, the exact dates being unknown, in Costa Rica, Guatemala, Mexico, and elsewhere, and in an offense begun and committed outside the territorial jurisdiction of the United States, the defendant, BARRERA-SALGUERO, whose point of entry into the United States was in the Eastern District of Virginia, and others, known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree to commit the following offense against the United States: to knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing and intending that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a) and 963.

2. Starting in or about 2015, BARRERA-SALGUERO began working with a drug trafficking organization ("DTO") led by Co-Conspirator #1 to assist in the purchase and transportation of cocaine from Central America to the United States. In working with this DTO, BARRERA-SALGUERO organized and coordinated the transportation of cocaine and money from various countries in Central America. As part of his transportation responsibilities in furtherance of the conspiracy, BARRERA-SALGUERO organized, led, and managed at least one other participant in the conspiracy. It was reasonably foreseeable to BARRERA-SALGUERO that during the course of the conspiracy, he and other members of the DTO organized the transportation of 3,586 kilograms of cocaine for ultimate importation into the United States. It was also reasonably foreseeable to BARRERA-SALGUERO that during the course of the conspiracy, he and other members of the DTO organized the transportation of $8,475,850 (USD) in drug proceeds on behalf of the DTO.

3. It was part of the conspiracy that BARRERA-SALGUERO agreed with Co-Conspirator #1 and Co-Conspirator #2 to transport thousands of kilograms of cocaine across Central America. In this role, BARRERA-SALGUERO communicated with Co-Conspirator #2 and other members of the DTO, as to the locations for the cocaine pick-up, the brands of cocaine to be transported, and the amount of cocaine to be transported. In moving the cocaine, BARRERA-SALGUERO used ground transportation. BARRERA-SALGUERO received payment from the DTO for his transportation services.

4. In approximately 2015, BARRERA-SALGUERO coordinated the transportation of 500 kilograms of cocaine from a Central American Source to the DTO. BARRERA-SALGUERO arranged for the ground transportation of the cocaine from Costa Rica to

Guatemala. In exchange for his help with coordinating and providing ground transportation, the DTO paid BARRERA-SALGUERO a commission.

5. In March 2016, BARRERA-SALGUERO coordinated the transportation of 200 kilograms of cocaine from a Central American Source to the DTO. BARRERA-SALGUERO arranged for the ground transportation of the cocaine from Costa Rica to Guatemala. In exchange for his help with coordinating and providing ground transportation, the DTO paid BARRERA-SALGUERO a commission.

6. In June 2016, BARRERA-SALGUERO coordinated the transportation of 381 kilograms of cocaine from a Central American Source to the DTO. BARRERA-SALGUERO arranged for the ground transportation of the cocaine from Costa Rica to Guatemala. Once the cocaine arrived in Guatemala, the 381 kilograms were seized by Guatemalan law enforcement authorities during a traffic stop. The traffic stop and seizure of the 381 kilograms of cocaine occurred in the vicinity of BARRERA-SALGUERO's commercial trucking business "Importadora La Zarza Encendida."

7. It was part of the conspiracy that BARRERA-SALGUERO agreed with Co-Conspirator #1 to transport bulk cash drug proceeds across Central America on behalf of the DTO. In this role, BARRERA-SALGUERO communicated with Co-Conspirator #2 and other members of the DTO, as to the movement of bulk cash derived from cocaine trafficking. In moving the cash, BARRERA-SALGUERO used ground transportation related to his commercial trucking business. BARRERA-SALGUERO received payment from the DTO for his transportation services.

8.  At all relevant times, BARRERA-SALGUERO knew and had reasonable cause to believe that the cocaine distributed by the DTO and transported by him as part of this conspiracy would be unlawfully imported into the United States.

9.  This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: *Erik S. Siebert* (signature)

Erik S. Siebert
Heather Mansfield
Assistant United States Attorneys

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, BARRERA-SALGUERO and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

3-30-21
Date

_____
Edi Donaldo Barrera-Salguero
Defendant

I am defendant's attorney Ali Amirshahi. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

3-30-21
Date

_____
Ali Amirshahi, Esquire
Counsel for the defendant

5